08-CV-05710-CNST

FILED    LODGED
RECEIVED

FEB 12 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY      DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

THE UNITED STATES OF AMERICA, )
THE STATE OF WASHINGTON, THE )
MUCKLESHOOT INDIAN TRIBE, and )
THE PUYALLUP TRIBE OF INDIANS, )
                                     )
        Plaintiffs,                )
                                     )
    v.                                  )
                                     )
PUGET SOUND ENERGY, INC. )
                                     )
        Defendant.             )
_____)

Civil Action No. C08-5710 RBL

**CONSENT DECREE**

CONSENT DECREE
(C08-5710 RBL)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

1

# I. BACKGROUND

A. The Plaintiffs filed a complaint against Defendant Puget Sound Energy, Inc. ("PSE" or "Defendant"), concurrently with this Consent Decree, alleging that PSE is liable pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, for a spill of approximately 429 barrels, or 18,000 gallons, of diesel fuel that occurred on or about November 3, 2006 at the Crystal Mountain Generation Station Facility, operated by PSE, in the Mount Baker-Snoqualmie National Forest in the State of Washington. The Complaint alleges that as a result of the Spill, diesel fuel flowed to the ground and groundwater, and an undetermined amount of diesel fuel entered Silver Creek and flowed towards the confluence with the White River, approximately four miles downstream.

B. The Complaint seeks natural resource damages under Section 1002 of OPA, 33 U.S.C. § 2702, and the Washington State Water Pollution Control Act (RCW 90.48.142), for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damages, on behalf of the U.S. Department of the Interior; the U.S. Department of Agriculture, Forest Service; the National Oceanic and Atmospheric Administration; the State of Washington; the Muckleshoot Indian Tribe; and the Puyallup Tribe of Indians.

C. The United States, the State, and the Tribes share trusteeship of the injured natural resources and are coordinating restoration efforts.

D. The Trustees allege that the natural resources injured by the Spill, as described in Paragraph A above, include groundwater, soils, fourteen acres of wetlands, and the riparian and aquatic resources of Silver Creek, which had five to six miles of exposure to diesel fuel contamination. The Trustees scaled the restoration necessary to address natural resources allegedly injured by the release of diesel fuel consistent with the Oil Pollution Act and its implementing regulations, 15 C.F.R. § 990, and the Washington State Compensation Table,

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

2

WAC 173-183. The Trustees have determined that the settlement contained in this consent decree will compensate the public for damages to natural resources.

    E.    The Parties agree and the Court finds that settlement of this matter without further litigation is in the public interest and that the entry of this Consent Decree is the most appropriate means of resolving this matter.

    F.    The Parties agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

    G.    PSE does not admit any liability arising out of the transactions or occurrences alleged in this action and does not admit the allegations contained in the complaint or in this Consent Decree.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## II. JURISDICTION, VENUE, AND NOTICE

1.     This Court has jurisdiction over the subject matter of the claims in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because the Spill alleged in the Complaint occurred in, and PSE conducts business in, this judicial district. For purposes of this Consent Decree, or any action to enforce this Consent Decree, PSE consents to the Court's jurisdiction and venue in this judicial district.

## III. APPLICABILITY

2.     The obligations of this Consent Decree apply to and are binding upon the Plaintiffs and upon Defendant, and its successors or assigns. Any change in ownership or

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

corporate status of the Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Defendant's or its successors' and assigns' rights or responsibilities under this Consent Decree.

## IV. DEFINITIONS

3. Terms used in this Consent Decree that are defined or used in OPA, or in regulations promulgated thereunder, shall have the meanings assigned to them in the statute or such regulations, unless otherwise provided in this Consent Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

- a. "Complaint" shall mean the complaint filed by the Plaintiffs in this action, unless noted otherwise.
- b. "Consent Decree" or "Decree" shall mean this Consent Decree.
- c. "Day" shall mean a calendar day unless expressly stated to be a working day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.
- d. "Defendant" or "PSE" shall mean Puget Sound Energy, Inc.
- e. "DOI" shall mean the United States Department of the Interior.
- f. "Facility" shall mean the Crystal Mountain Generation Station Facility currently operated by PSE and located in Pierce County, Washington.
- g. "Forest Service" shall mean the United States Department of Agriculture, Forest Service.
- h. "Natural Resources" shall have the meaning set forth in Section 1001(20) of OPA, 33 U.S.C. § 2701(20).
- i. "Natural Resource Damages" shall have the meaning set forth in Section 1002 of OPA, 33 U.S.C. § 2702, Section 107 of CERCLA, 42 U.S.C.

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

4

§ 107, the Washington State Water Pollution Control Act Chapter 90.48 RCW, and the Washington Model Toxics Control Act Chapter 70.105D RCW, which includes damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage.

j. "NOAA" shall mean the National Oceanic and Atmospheric Administration of the United States Department of Commerce.

k. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

l. "Parties" shall mean the United States, the State, the Tribes, and PSE.

m. "Plaintiffs" shall mean the United States, the State of Washington, the Muckleshoot Indian Tribe, and the Puyallup Tribe of Indians.

n. "Spill" shall mean the discharge of approximately 429 barrels, or 18,000 gallons, of diesel fuel from the Facility on or about November 3, 2006.

o. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

p. "State" shall mean the State of Washington.

q. "Tribes" shall mean the Muckleshoot Indian Tribe and the Puyallup Tribe of Indians.

r. "Trustees" shall mean the designated federal, state, and tribal agencies or officials who act on behalf of the public as trustees for the Natural Resources allegedly injured by the Spill: DOI; NOAA; the Forest Service; the State of Washington; the Muckleshoot Indian Tribe; and the Puyallup Tribe of Indians.

s. "United States" shall mean the United States of America, acting on behalf

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

5

of DOI, the Forest Service, and NOAA.

## V. DAMAGE ASSESSMENT REIMBURSEMENT AND NATURAL RESOURCE DAMAGES

4. <u>Damage Assessment Reimbursement.</u> Within thirty (30) days after the Effective Date of this Consent Decree, PSE shall pay to the Trustees a total of $49,614.47 to reimburse damage assessment costs, as specified below:

    a.)     $19,756.71 to DOI;

    b.)     $13,092.21 to the Forest Service;

    c.)     $10,504.24 to NOAA;

    d.)     $3,061.31 to the State of Washington; and

    e.)     $3,200 to the Puyallup Tribe of Indians.

Payments to DOI, the Forest Service, and NOAA shall be made by FedWire Electronic Funds Transfer ("EFT") to the United States Department of Justice, referencing the Civil Action Number and DOJ case number 90-5-1-1-09177/1. Payments shall be made in accordance with current EFT procedures and instructions to be provided by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of Washington. Any payments received by the Department of Justice after 4:00pm Eastern Standard Time shall be credited on the next business day.

Payment to the State of Washington shall be made by certified check and made payable and addressed as follows:

<u>Payee</u>: Washington Department of Fish and Wildlife

<u>Address</u>: Puget Sound Energy Spill Restoration
         600 Capitol Way N
         Olympia, Washington 90501-1091
         Attn: Lynn Needham, Accounts Receivable

Payment to the Puyallup Tribe of Indians shall be made by certified check and made payable and addressed as follows:

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

6

Payee:   Puyallup Tribe of Indians

Address: Puyallup Tribe of Indians
3009 East Portland Avenue
Tacoma, Washington 98404
Attn: Bill Sullivan

5.   Natural Resource Damages. Within thirty (30) days after the Effective Date of this Consent Decree, PSE shall pay a total of $512,856.59 for natural resource damages. Payment shall be made to the Department of the Interior Natural Resource Damage Assessment and Restoration Fund. Such payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the United States Department of Justice, referencing the Civil Action Number, DOJ case number 90-5-1-1-09177/1, NRDAR Account No. 14X5198 and "Natural Resource Damages for PSE Crystal Mountain Oil Spill." Payments shall be made in accordance with current EFT procedures and instructions to be provided by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of Washington. Any payments received by the Department of Justice after 4:00pm Eastern Standard Time shall be credited on the next business day.

6.   At the time of each payment in Paragraphs 4 and 5 above Defendant shall send notice that the payment has been made to the Trustees and DOJ in accordance with Section XI (Notices). The notice shall state that the payment is for Natural Resource Damages or reimbursement for costs of assessing damages caused by the Spill and shall reference DOJ case number 90-5-1-1-09177/1 and the Civil Action Number.

## VI. RESTORATION PLAN

7.   The Trustees intend to use the funds recovered under Paragraph 5 above to develop and implement a plan for restoration, rehabilitation, or replacement of natural resources injured as a result of the Spill. The funds will be used for all costs associated with implementing restoration, including but not limited to drafting and adopting the restoration plan and related NEPA/SEPA determinations, public involvement, restoration monitoring, and administrative

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

7

costs. The restoration plan will be developed, adopted and implemented consistent with applicable federal, state and tribal law.

## VII. STIPULATED PENALTIES

8.   Defendant shall be liable for stipulated penalties for violations of this Consent Decree as specified below. A violation includes failing to perform any obligation required by the terms of this Consent Decree, according to all applicable requirements of this Consent Decree and within the specified time schedules established by or approved under this Consent Decree.

9.   <u>Failure to Pay Damage Assessment Costs.</u> If Defendant fails to make a payment required to be paid pursuant to Paragraph 4 of this Consent Decree when due, Defendant shall pay to the Trustees a stipulated penalty of $1,000 per Day for each Day that the payment is late. Payment of a stipulated penalty for failure to make a payment required under Paragraph 4 shall be in accordance with the payment procedures outlined in Paragraph 4.

10.   <u>Failure to Pay Natural Resource Damages.</u> If Defendant fails to pay the Natural Resource Damages required to be paid pursuant to Paragraph 5 of this Consent Decree when due, Defendant shall pay to the Trustees a stipulated penalty of $2,000 per Day for each Day that the payment is late. Payment of a stipulated penalty for failure to make the payment required under Paragraph 5 shall be in accordance with the payment procedures outlined in Paragraph 5.

11.   <u>Interest on Late Payments.</u> In addition to the stipulated penalties set forth in this Section, in the event Defendant fails to make timely payments of any amounts required under this Consent Decree, Defendant shall pay interest on the unpaid balance. Interest for late payments of the damage assessment costs and Natural Resource Damages required in Section V, shall be at the rate specified in Section 1005 of OPA, 33 U.S.C. § 2705.

12.   Stipulated penalties under this Section shall begin to accrue on the Day after performance is due and shall continue to accrue until performance is satisfactorily completed. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

8

13. Plaintiffs shall give Defendant written notification that Defendant has failed to make a timely payment pursuant to this Consent Decree; however, the stipulated penalties provided for in Paragraphs 9 and 10 shall accrue, as provided in Paragraph 12 above, and shall be owed regardless of whether or not Defendant has been notified of a violation. Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.

14. Any stipulated penalty payments shall be accompanied by a reference to this Consent Decree and be identified as "Stipulated Penalties." Notice of the payment shall be sent to the Parties in the manner specified in Section XI (Notices).

15. If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States or the State from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

16. Defendant shall not deduct any stipulated penalties paid under this Consent Decree pursuant to this Section in calculating its federal income tax.

17. Subject to the provisions of Section IX of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law.

## VIII. COVENANTS NOT TO SUE

18. <u>Covenant by the Plaintiffs.</u> In consideration of the payments that will be made by Defendant pursuant to Section V (Damage Assessment Reimbursement and Natural Resource Damages) of this Consent Decree, the Plaintiffs covenant not to sue or take administrative action against the Defendant pursuant Section 1002(a) and (b) of OPA, 33 U.S.C. § 2702(a) and (b), Section 107(a) of the Comprehensive Environmental Response, Compensation

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

9

and Liability Act, 42 U.S.C. § 9607(a), Section 311 of the Clean Water Act, 33 U.S.C. § 1311, the Washington State Model Toxics Control Act (Chapter 70.105D RCW), or the Washington State Water Pollution Control Act (Chapter 90.58 RCW), for Natural Resource Damages caused by the Spill or otherwise relating to or arising from the Spill. This covenant not to sue is conditioned upon receipt by the Trustees of all payments and interest required by Section V (Damage Assessment Reimbursement and Natural Resource Damages) and Section VII (Stipulated Penalties) of this Consent Decree.

19. <u>Covenant by the Parties Not to Present Claims to the Oil Spill Liability Trust Fund.</u> All Parties covenant not to assert any claim for response costs or damages arising from the Spill, pursuant to Sections 1008 and 1013 of OPA, 33 U.S.C. §§ 2708 and 2713, to the Oil Spill Liability Trust Fund.

20. <u>Covenant by the Defendant.</u> Defendant PSE hereby covenants not to sue and agrees not to assert any claims or causes of action against the Plaintiffs (including all employees, agents, contractors, departments, agencies, administrations and bureaus thereof) related to Natural Resource Damages arising out of the Spill, including without limitation any potential or pending claims against the Oil Spill Liability Trust Fund relating to the Spill.

## IX. <u>EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS</u>

21. Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve, and this Consent Decree is without prejudice to, all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Section VIII above. This Consent Decree shall not be construed to limit the rights of the Plaintiffs to obtain penalties or injunctive relief under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, or OPA, or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Section VIII above.

22. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, civil penalties, damages, or other appropriate relief relating to Defendant's

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

10

Facility, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Section VIII of this Consent Decree.

23. This Consent Decree does not limit or affect the rights of Defendant or of the Plaintiffs against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

24. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## X. COSTS

25. The Parties shall bear their own costs of this action, including attorneys' fees, except that the Plaintiffs shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of amounts not paid by Defendants as required by the Consent Decree.

## XI. NOTICES

26. Unless otherwise specified herein, whenever notifications, submissions, reports or communications are required by this Consent Decree, they shall be made in writing and addressed to all parties as follows:

As to the United States

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-1-1-09177/1

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

<u>As to DOI</u>

Barry Stein
U.S. Department of the Interior
Office of the Solicitor, Pacific Northwest Region
805 SW Broadway, Suite 600
Portland, Oregon 97205
Facsimile: (503) 231-2166

<u>As to the Forest Service</u>

James Alexander
U.S. Department of Agriculture, Forest Service
Room 1734, Federal Building
1220 SW Third Avenue
Portland, Oregon 97204

<u>As to NOAA</u>

Robert Taylor
GCNR/NW
National Oceanic and Atmospheric Administration
7600 Sand Point Way N.E.
Seattle, WA 98115

<u>As to the State</u>

Rebecca Post
Washington State Department of Ecology
PO Box 47600
Olympia, WA 98504-7600

Katharine G. Shirey
Washington State Attorney General's Office
PO Box 40117
Olympia, WA 98504
Facsimile: 360-596-6760

<u>As to the Tribes</u>

Charlotte Williams
Muckleshoot Indian Tribe
39015 172nd Avenue SE
Auburn, Washington 98092
Facsimile: (253) 939-5311

Bill Sullivan
Puyallup Tribe of Indians
3009 East Portland Avenue
Tacoma, Washington 98404
Facsimile: (253) 573-7929

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

<u>As to PSE</u>

Steve Secrist
PO Box 09868
EST-06E
Bellevue, WA 98009-9734
Facsimile: (425) 462-3587

Mark Schneider
Perkins Coie LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101-3099
Facsimile: (206) 359-9627

27. Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

28. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII. EFFECTIVE DATE

29. The Effective Date of this Consent Decree shall be the date this Consent Decree is entered by the Court.

## XIII. RETENTION OF JURISDICTION

30. The Court shall retain jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court for such further order, direction, and relief as may be necessary or appropriate to enforce compliance with its terms or to enable all of the Parties to apply to the Court for the material modification of the Consent Decree pursuant to Section XIV below. Nothing in this Consent Decree shall be deemed to limit or alter the Court's power to enforce it.

## XIV. MODIFICATION

31. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

13

Consent Decree, it shall be effective only upon approval by the Court.

## XV. PUBLIC PARTICIPATION

32. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The Plaintiffs each reserve the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree without further notice.

## XVI. SIGNATORIES/SERVICE

33. The Deputy Section Chief of the Environmental Enforcement Section of the United States Department of Justice and each undersigned representative of the State of Washington, the Muckleshoot Indian Tribe, the Puyallup Tribe of Indians and Defendant certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

34. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendant agrees to accept service of process by mail with respect to all matters arising under this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVII. INTEGRATION

35. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supercedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

14

## XVIII. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States, the State, the Tribes and Defendant.

Dated and entered this 12th day of February, 2009

UNITED STATES DISTRICT JUDGE
Western District of Washington

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States, et al.</u> v. <u>Puget Sound Energy, Inc.</u>, relating to the Crystal Mountain diesel fuel spill:

FOR THE UNITED STATES OF AMERICA:

/s BRUCE S. GELBER
BRUCE S. GELBER
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


/s ERIKA M. ZIMMERMAN
ERIKA M. ZIMMERMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 514-5270
Facsimile: (202) 514-4180


JEFFREY C. SULLIVAN
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
5220 United States Court House
700 Stewart Street
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Facsimile: (206) 553-4073
E-mail: brian.kipnis@usdoj.gov

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States, et al. v. Puget Sound Energy, Inc.</u>, relating to the Crystal Mountain diesel fuel spill:

FOR THE STATE OF WASHINGTON:

/s KATHERINE G. SHIREY
KATHARINE G. SHIREY
Washington State Attorney General's Office
P.O. Box 40117
Olympia, WA 98504
Facsimilie: 360-586-6760


/s DALE JENSEN
DALE JENSEN
Manager, Spills Program
Washington State Department of Ecology
P.O. Box 47600
Olympia, Washington 98504-7600

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States, et al.</u> v. Puget Sound Energy, Inc., relating to the Crystal Mountain diesel fuel spill:

FOR THE MUCKLESHOOT INDIAN TRIBE:

/s CHARLOTTE WILLIAMS
CHARLOTTE WILLIAMS
Chairperson
Muckleshoot Indian Tribe
39015 172nd Avenue SE
Auburn, Washington 98092
Facsimile: (253) 939-5311

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

18

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States, et al. v. Puget Sound Energy, Inc.</u>, relating to the Crystal Mountain diesel fuel spill:

FOR THE PUYALLUP TRIBE OF INDIANS:

/s HERMAN DILLON, SR.
HERMAN DILLON, SR.
Chair
Puyallup Tribal Council
3009 Portland Avenue
Tacoma, Washington 98404
Facsimile: (253) 573-7929

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

19

1  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States, et al. v. Puget Sound Energy, Inc.</u>, relating to the Crystal Mountain diesel fuel spill:

2

3  FOR DEFENDANT PUGET SOUND ENERGY, INC.:

4

5

        /s STEVEN SECRIST
        STEVEN SECRIST
        Deputy General Counsel
        Puget Sound Energy, Inc.

CONSENT DECREE
(C08-_____)

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington DC, 20009
(202) 514-5270

20